Jones, C. J.
Delivered the opinion of the court, and, after stating the pleadings, proceeded as follows:
At the trial of this cause, the counsel for the plaintiff in the first place, produced an exemplication of the record of his indictment and acquittal, by which it appears, that the charges against him, were such as the two first counts of the declaration describe them to have been, and that he was acquitted of them by the jury.
Testimony was then offered by the plaintiff’s counsel, to show that Petit was the prosecutor, by whose agency and procurement the bill of indictment was found, and who actively pursued the prosecution against him. It appeared in evidence, that an indictment had been preferred against Williamson, on the complaint of Candler, for perjury alleged to have been committed by Williamson, in his testimony on the trial of a civil suit, brought by Candler against Petit for the recovery of a debt.
That the indictment against Williamson was brought to trial; that Candler was examined as a witness in support of the accusation, and that Williamson was acquitted ; that Williamson, after his acquittal, preferred a complaint against Candler, charging him with perjury in his testimony on the trial of the indictment against him, Williamson, and on that occasion made an affidavit of the matters in which he charged Candler to have been guilty of the perjury.
The complaint of Williamson was submitted to a Grand Jury, and dismissed.
Williamson afterwards died; and Petit, after his death, preferred a complaint against Candler for perjury on the same trial; and, in his testimony before the Grand Jury on that occasion, he stated, in substance, that Candler had obtained a judgment against him, Petit, for five thousand dollars, when the true balance due from him to Candler, was about twenty-three pounds ten shillings and fourpence sterling, and no more; that on the trial of the civil suit between Candler and himself, Williamson had proved the ad - *328 mission of Candler, that such was the true balance, and that - Williamson was, at the instance of Candler, indicted for perjury, in testifying to that admission,—Candler, on his oath, before the Grand Jury, denying the same to be true. And he stated further, that Candler had sworn, upon the trial of Williamson, on the indictment against him, that he, Candler, did not know Williamson, and had never before seen him; whereas, he, Petit, knew Williamson to have been intimate with Candler, and had often seen them together. And he further stated, that Candler admitted to captain Griswold, in London, that he claimed only about twenty pounds of Petit, and also admitted to captain Augustus H. Gris-wold, in London, that Petit owed him about twenty pounds sterling.
The false swearing which this testimony charged upon the plaintiff, was the wilful misstatement of the true amount of his demand against Petit; and his denial of all personal knowledge of Williamson, with whom he is alleged to have been intimately acquainted.
The xvhole current of the oral evidence, adduced by his agency to the inquest, tended to the support of that accusation. No part of the parol testimony went to establish the charge, either of his denial of his supposed meeting and interview with Williamson, on the Royal Exchange, in London, 1823, or the denial of his alleged admission in conversation with Williamson, that Petit was indebted to him in the sum of only txventy-three pounds sterling, or thereabouts, which are made, by the Grand Inquest, the foundation of the bill of indictment against him.
It is apparent, then, that the charges of perjury preferred against Candler by Petit, before the Grand Jury, were essentially different from those stated in the bill of indictment found by that body. But the affidavit of Williamson was introduced into the jury room; and the two members of the jury, xvho were called as witnesses, state that it xvas acted upon by the jury as part of the evidence before them, and had an influence upon their decision. This affidavit had been previously made the ground of the unsuccessful application to which I have before adverted, for the indictment of Candler for perjury on the trial of Williamson, and remained in the possession of the District Attorney.
*329 By it Williamson deposed, that Candler, on that trial, had sworn that he never saw him, Williamson, in the city of London, and did never admit to him that Petit was indebted only twenty three pounds sterling to him, Candler, or any thing to that effect; and that such statement so made, by Candler upon oath, was in all respects false.
This affidavit of Williamson, who died before the complaint of Petit was preferred, was sent to the Grand Jury by the District Attorney; and it became a question, on the trial of the issue, between the parties to this suit, whether Petit, the defendant, caused or procured that paper to be laid before the Grand Jury, or was conusant of its being there 1 On this point, the District Attorney testified, that when the complaint of Petit against Candler was pending before the Grand Jury, Wm. M. Price, Esq., as Petit’s counsel, in the presence of Petit, or afterwards, requested that the papers should go before the Grand Jury; that he, the witness, knew of no papers belonging to the case, but the affidavit of Williamson, and that in consequence of the request of the counsel, that affidavit was sent by him to the Grand Jury. He further stated, that it was afterwards returned to him by the jury, with directions to prepare a bill; and that upon that affidavit, and that alone, he drew the bill against Candler.
This statement comes from the plaintiff’s witness, on his examination in chief; and it conclusively shows, that the indictment was based upon the written evidence of Williamson exclusively, and not in any degree upon the complaint, or oral accusations of Petit, the prosecutor, or the witnesses of his procurement. It is equally manifest, from the testimony in the cause, that the oral examinations before that tribunal, did not sustain, and were not offered for the purpose of establishing the specific charges set forth in that indictment.
But the Grand Jury had before them both the affidavit and the oral testimony of the prosecutor and his witnesses; and the jurors may have formed their opinion of the apparent guilt of the accused, on the testimony of the witnesses, or on the combined force of that evidence and the affidavit, conjointly.
*330 But, whatever may have been the grounds of their opinion, the District Attorney, on whom the duty devolved to draw the bill of indictment, took the affidavit for his guide, and framed the indictment solely upon the charges it preferred; and the Grand Jury, by finding it, in its present form, a true bill, have indicted the accused, as being guilty of the false swearing imputed to him by Williamson, and not for the specific perjury charged upon him by Petit, the prosecutor; and, unless Petit is chargeable with the introduction of the affidavit of Williamson, as evidence before the Grand Jury, and has thereby implicated himself in the truth or falsehood of the statement it contains, how is he to be made responsible for the injurious consequences of those charges to Candler, the plaintiff 1 I observe that Petit is not represented by any witness, as adverting to that affidavit, or as availing himself of the matters it contains, in any part of his examination before the Grand Inquest. He is silent in regard to it, and would seem to be unaware of its presence before them. The same remark applies to all the other witnesses. The affidavit, or its contents, are not noticed by any of them. Petit was a volunteer in his complaint to the Grand Jury. His avowed object was to procure an indictment against Candler, and he was actively engaged in accomplishing his purpose.
If. he had relied upon the affidavit of Williamson, as material to his success, would he not have pressed it upon the attention of the jury 1 It is difficult to reconcile his entire neglect of that paper, with the belief of his agency in its introduction as evidence ; and the more obvious solution of his silence would seem to be, the supposition of his ignorance of its production.
But the testimony of the District Attorney is relied on, as establishing conclusively the agency of Petit in the introduction of that affidavit to the notice of the Grand Jury, as evidence in support of his complaint. The testimony of the District Attorney is, that he was requested to send the papers to the Grand Jury, and that in compliance with that request, knowing of no other paper, he sent the affidavit of Williamson. At first his recollection was, that the request came from Mr. Price, the counsel. But Mr. Price, being called as a witness, stated that he had never made any such *331 request; and the District Attorney, upon his further examination, testified that his impression was, that the request came from Mr. Price ; but that if Mr. Price did not make it, he is positively certain it must have been made by Petit, the defendant.
I assume, as the fair result of this evidence, that the request came from Petit, the prosecutor. But it was in general terms, and did not specify the affidavit as one of the papers to be sent. It does not appear that the defendant knew that the affidavit was in the possession of the District Attorney, or that any such affidavit had been made by Williamson, and there is no evidence to show that affidavits or proofs, in support of unsuccessful complaints, come into the hands of the District Attorney, and remain with him. Was the petit jury, who tried the issue, at liberty to infer from the general request, without some such additional evidence, that the affidavit was known to the defendant to be with the District Attorney, and was intended to be called for by him as evidence for the Grand Jury to act upon 1 Or, could the just inference to be drawn from that request, be so strong as to outweigh the evidence which results from the entire silence of the defendant, and his total disregard and neglect of the paper, when it was there % It was the province of the jury to determine upon the circumstantial evidence before them, whether the defendant had such knowledge, and acted with such intention in regard to the affidavit, as to render him chargeable with its contents, or not. The better opinion appears to the court to be, that the plaintiff could not, upon the evidence of the District Attorney alone, sustain his action upon the first count in the declaration, on the ground of his agency, in causing the affidavit to be sent to the jury, and his consequent liability for the truth of the charges it contains, and which the Grand Jury have incorporated in the bill of indictment, and made the grounds of their accusation.
But, admitting him not to be held answerable for that affidavit, still the indictment was found upon his complaint; and the oral testimony adduced by him, was the efficient cause that induced the Grand Jury to find it. He, therefore, was bound to show that he had probable cause to believe the evidence he gave to be true. His defence was before the jury: he probably failed to convince *332 them of the sufficiency of his reasons for believing in the truth of the charges he preferred. Though the court might not disturb the verdict on that ground, yet, as another trial is to be granted, 'he will have another opportunity of vindicating himself from the charge, and if he succeeds, will entitle himself to an acquittal.
The evidence in support of the second count of the declaration, charging the defendant with the malicious prosecution of the indictment after it was found, knowing it to be groundless, was the affidavit of the defendant to put off the trial of the indictment at the July term of the. Court of Sessions, in the year 1828.
It appeared, by the testimony of the District Attorney, that when the indictment against Candler was called on to trial, at the July term of the General Sessions, in.1828, an application was made by the counsel who acted for Petit, to defer the trial until the return of a witness, upon the affidavit of Petit of the absence of the witness, who was stated by him to be material for the prosecution, and.was not expected to return until the middle of September, then next. That the indictment was subsequently brought on to trial, at the October term of the court, when the counsel, associated by Petit, with the District Attorney, declared themselves unwilling to proceed to. the trial, on the ground that the perjury stated in the indictment differed essentially from the perjury which the prosecution had intended to submit tó - the Grand Jury; and consequently, the evidence they had to offer on the trial, would not support the charge laid in the indictment: but they explicitly stated to the court, that if the indictment should be so amended, as to present the charges actually preferred by Petit, they were ready and willing to enter upon the trial, and distinctly offered to do so, but that the suggestion and offer were declined by Candler.
The defendant, when he entered upon his defence, called Mr. Price, who testified that he acted as counsel for Petit, the defendant, on the occasion of his preferring his complaint to the Grand Jury against the plaintiff for perjury, and spoke to the District Attorney on the subject, but did not request him to lay the affidavit of Williamson before the Grand Jury. He further testified, that he never saw the indictment against the plaintiff until the day *333 before the trial: that he drew the affidavit of the defendant to put off the trial in July, and when he drew the same, he had not seen the indictment, and was ignorant of its contents, but supposed it had been drawn in conformity with the oral testimony before the Grand Jury. That, on the evening before the trial, Mr. Duer and himself, for the first time saw the indictment, and immediately decided that it could not be sustained by the evidence they-had to offer: that they communicated their opinion to the District Attorney, but that he persisted in his determination to bring on the cause to trial. That, on the following day, when the District Attorney moved to bring on the trial, they declined appearing as counsel for the prosecution, but distinctly offered to proceed to the trial, provided the indictment should be so altered, as to conform to the oral testimony before the Grand Jury, which offer being refused, they abandoned the prosecution of the indictment.
After the plaintiff first rested the cause, and before the defence was opened, the counsel for the defendant moved for a nonsuit; First: that if the affidavit of Williamson was the foundation of the indictment, the defendant could not be charged as the author, or instigator, of the prosecution; and it did not appear that he had testified to any fact, in support, or in corroboration of the testimony of Williamson: and if the indictment was found by the Grand Jury on the oral testimony before them, then, the bill having assigned the perjury, different from that testimony, the defendant was not chargeable with the consequences of the prosecution, caused by the mistake or error of the jury, or the public prosecutor: and that the affidavit of Petit, to put off the trial, could not implicate hinq as a party prosecuting the indictment; because the affidavit showed his ignorance, at the time, of the fact, that the indictment did not embrace the complaint he preferred and supported before the Grand Jury; and the counsel for the prosecution, the District Attorney, and the opposing counsel, must also have been ignorant, or unaware of the specific charge contained in the indictment; inasmuch as the evidence disclosed by the affidavit, and for which the trial was deferred, could not be material to the prosecution of that charge; and because, a prosecuting party a not amenable, and ought not to be held responsible for the mis-» *334 takes or errors of the Grand Jury, in directing the form, or mode, in which the indictment is to be drawn, of of the District Attorney, in drawing up the same.
The Judge expressed his opinion, that the plaintiff could not recover on the first count of the declaration; which charged the defendant with having falsely and maliciously, and without reasonable, or probable cause, indicted and procured to be indicted, the plaintiff, for the crime of perjury, without further evidence : but, as to the second count, charging the defendant with the malicious prosecution of the indictment, be inclined to the opinion, for the purposes of that trial, that the plaintiff had offered sufficient evidence to support the charge, and he, therefore, denied the motion for a nonsuit.
Further testimony was produced on both sides, which it is not material to state; and the jury, after receiving the charge of the Judge, gave a verdict for, the plaintiff on the two first counts of the declaration, for $12,500 damages.
Several exceptions were taken to the opinion and charge of the Judge; but, as the court express an opinion on one only of the exceptions, that part alone of the charge will be noticed.
It has reference to the second count of the declaration, charging the defendant with the malicious prosecution of the indictment; and upon which point an opinion was expressed, that if in fact the defendant was under a misapprehension of the specific charge contained in the indictment, or was wholly ignorant of its contents, he is not in judgment of law to be excused from the consequences of prosecuting that indictment. In this direction the court cannot concur.
If the defendant had been apprized of the specification of the perjury, assigned by the Grand Jury, or had been chargeable with knowledge of the contents of the indictment, he would have been answerable for the consequences of the prosecution; and it may be conceded, that if he had volunteered his aid in prosecuting the indictment without knowing its contents, and without inquiry into the nature or extent óf the crime it imputed to the plaintiff, he would have been equally culpable, as if he had acted with full knowledge of the charge he was prosecuting, and would have been *335 squally liable to answer in damages to the injured party ; because, .he grievance to the accused would have been the same; and the party thus implicating himself as prosecutor, must be considered as ntentionally adopting the charge, whether true or false, which the indictment preferred. But no such intendment can be made in this case. The opinion and charge of the Judge, assumed the fact, of the defendant’s total ignorance of the contents of the indictment, and misapprehension of the specific charge of perjury which it contained. There was material evidence tending to the conclusion, that such was in fact the case, and that the intention of the defendant was to prosecute the charges he had himself preferred before the Grand Jury, and that he supposed the indictment to have been found for those charges, and not for the false swearing, specified in the affidavit of Williamson. It is not a case of blind or indiscriminate prosecution of the plaintiff, for whatever offence he might be charged with.
The defendant’s purpose was the pursuit of a specific charge, which he had reason to believe was the foundation of the indictment, and he cannot be justly implicated as the intentional prosecutor of a different accusation, in which he had no agency, and which, upon its coming to his knowledge, he immediately disavowed.
The only proof to charge him with the prosecution of the indictment, was the affidavit made by him to put off the trial. But he produced evidence which, his counsel contended, was sufficient to show that he was ignorant of the contents of the indictment when he made that affidavit, and that he did then suppose and believe that the charges it contained, were those which he had preferred, and meant to prosecute; and the fact, which is in proof, that his counsel was ignorant of the contents of the indictment, and the further circumstance, that the evidence expected from the absent witness, was to establish the charge the prosecutor had preferred, and did not apply to the accusations made by Williamson, are justly urged by the defendant, as cogent arguments of his ignorance of the specifications of the perjury which the bill of indictment contained. Surely then, his testimony to that point was entitled to consideration, and he had a right to the opinion of the *336 jury upon its sufficiency to establish the fact on which he rested his defence.
If the jury had been satisfied that he did not intend to prosecute the charges of perjury laid in the indictment; that he had sufficient reason to suppose, and did believe, that the indictment was for the specific offence of false swearing, which he had assigned, and that his intention was to prosecute that accusation, and none other, they ought not to have found him guilty on the second count of the declaration.
But the charge of the Judge precluded all inquiry into the circumstances under which the affidavit was made; and in effect, pronounced the act of maldng it, for the purpose for which it was used, sufficient evidence to charge the defendant with the consequences of a malicious prosecution, if the charges, contained in the bill of indictment, were groundless, and he had no probable cause for believing them to be true. We think the charge was, in that respect, erroneous; and without expressing any decided opinion upon any other point, we must, for this cause alone, set aside the verdict.
As, however, the merits have been discussed at large with much ability, by counsel, and the attention of the court has necessarily been drawn to some of the prominent features of the controversy, it is deemed advisable to state some of the general views of the court, for the government of the parties.
In the first place, it results from the opinion already expressed, that the defendant is to be permitted to defend himself against the second count of the declaration, which charges him with the malicious prosecution of the indictment, by showing that he was ignorant at the time of its contents, and did suppose and believe it to be founded upon the evidence offered by him to the Grand Jury, and that it was his intention to prosecute the charge which he had preferred, and not the charge which the Grand Jury had made the ground of their bill. But this defence must be proved to the satisfaction of the jury. It is not sufficient for the defendant to aver his ignorance of the contents of the indictment, nor are the court to be understood as intimating that such ignorance, if admitted, would of itself excuse him. He must satisfy the jury that *337 he was misled by the act of the Grand Jury, in substituting other and different imputations of perjury, for those which he had ascribed to the plaintiff, and that his lorú fide intention was to prosecute the charges he had preferred, and not those substituted by the jury; that he acted under the conviction, that the indictment was for the charges preferred by him, and that he was warranted in that conclusion, and had no reason for distrusting its correctness. The proof lies upon him; but if he succeeds in establishing to the satisfaction of the jury, that he acted under an ignorance and misapprehension of the contents of the indictment, and upon the intention to prosecute, and the belief that he was prosecuting his own charges, and not those substituted by the Grand Jury, he will discharge himself from liability as the mere prosecutor of an indictment of which he was not the author, under the second count of the declaration.
But to establish a full defence to that count, the defendant must show, that the information, actually given by him to the Grand Jury, and the evidence laid before them by his agency, was not such as to justify them in accusing the plaintiff of the false swearing specified in the indictment. For, if the finding of the jury, as embodied in the bill, is imputable to his agency, or instigation, he is answerable, both for causing and procuring the plaintiff to be indicted, and for the prosecution of the indictment against him.
This leads us, in the second place, into an inquiry into the considerations connected with the first count of the declaration, charging the defendant with maliciously causing the plaintiff to be indicted.
Two grounds are taken in -support of this count. The first, that the affidavit of Williamson, upon which (it is said) the bill was found, was sent by the District Attorney to the Grand Jury, at the request of the defendant: And secondly, that the indictment was found upon, his complaint, and by his agency and procurement; that he is responsible, therefore, for the injuries it inflicted upon the plaintiff; and that the mistakes, or errors of the jury, in specifying the charges, and stat-the grounds of the accusation he intended to prefer, form *338 no excuse for him, and no palliation of the malice of his prosecution.
In the first place, then, if the defendant did direct the affidavit of Williamson to be laid before the Grand Jury, with the intention and design to influence the decision ^of the Judges upon his. complaint, and induce them to indict the accused for the perjury it assigns, he is answerable for the charges the bill of indictment contains, and the jury would be warranted in convicting him on both counts of the declaration. But, whether that affidavit was sent by his procurement, wdth such intention, or not, is a question for the jury, under the direction of the Judge, upon- the- points of law it may involve. -
. The views which are taken by the court, of this branch of the case, have already been stated, and I have but a few brief remarks to add.
The general request to the District Attorney, that all the paers might be sent to the Grand Jury, certainly is evidence bearing upon the question which the jury is to consider; but, standing alone, it would not be conclusive. It admits of explanation which may weaken, or wholly destroy its force. If, for example, the request was made without any knowledge or cause for believing that the affidavit was in the possession of the District Attorney; if that affidavit bore upon it the evidence of the refusal of the former inquest to find a bill upon it, and if any satisfactory reason, having no■ reference to the affidavit, can be assigned for the general request of the prosecutor, that the papers might be sent to the Grand Jury, the fair presumption would be, that the request was made without any intention or design of bringing that affidavit to the notice of the jury, or making use of it as evidence in support of the complaint. And that presumption would be strengthened by the fact, that no reference was had to.it, and no use made of it by the prosecutor, or any of his witr nesses, in aid of the oral testimony.
But, if it shall appear that the request, though made in general terms, was understood by the defendant to refer to and embrace the ..affidavit; .if the defendant knew that the District Attorney had that paper in his possession, and that it was embraced in his request, *339 the inference would be strong, that he intended it as part of his evidence, and the use made of it by the jury, in their deliberation upon the charge he preferred, might implicate him in the results to which it has led. The questions arising upon the introduction and use of this affidavit, are to be submitted with these qualifications, and under these aspects, to the jury, by whom the cause shall be tried, and who will receive such instruction and advice in relation to them, as the evidence may appear to the Judge to call for.
The remaining ground for implicating the defendant in the consequences of the indictment, as the author or instigator of it, under the first count of the declaration, is, the general fact, which the evidence conclusively establishes, that his information was the occasion and cause of its being found.
The two members of the Grand Jury, who have been examined, agree that they were influenced by the oral testimony, in coming to the determination to find the bill, and one of them testifies, that the indictment was founded upon that testimony, though he has no doubt that the affidavit of Williamson had some weight with the jury. The other juror, indeed ascribes much greater efficacy to that affidavit. His testimony is, that it induced the Grand Jury to enter upon the investigation of the complaint.
Whatever the agency was, which the affidavit had in the proceedings of the jury, it was sent by that body to the District Attorney, and was made by him the sole ground of the bill he drew for them; and they gave that bill their sanction. It does not appear that any part of the oral testimony was sent to the District Attorney, and his testimony is decisive, that the indictment was not founded upon that evidence.
The plaintiff’s counsel, upon this statement, strenuously contend, that the defendant having, by his complaint before the Grand Jury, and the oral testimony adduced by him, in addition to bis own oath, caused the plaintiff .to be indicted, he is answerable for the consequences of the prosecution to the plaintiff, notwithstanding the variance between the indictment and the proof; and that the defects of the indictment, or the mistake or misapprehension of the Grand Jury, or the District Attorney, in so framing the *340 bill, as to make the specification of perjury, given by Williamson in his affidavit, the ground of the charge, instead of the testimony of the witnesses, who were orally examined by the jury, form no defence or excuse for him.
But the counsel for the defendant object, that he is not chargeable with the mistakes of the Grand Jury, and is not to be held answerable for accusations which were never made by him, or received his sanction, merely because, upon the occasion of his complaint on other grounds, the Grand Jury acted upon charges to which he was a stranger.
The force of this objection is felt by the court, and cases might occur, in which it would be decisive. Where the Grand Jury pass by the charges of the prosecutor, and indict for a different offence, upon other proof not introducéd by him; or, where the -variance of the indictment from the evidence introduced by the prosecutor, is so wide as to repel the presumption, or belief, that the accusing tribunal was influenced by his information, or acted upon his complaint, he cannot be amenable for the consequences of the indictment to the accused, in an action for a malicious prosecution; but, a discrepancy, or variance between the testimony of the prosecutor, and the specification of the charge in the bill of indictment, where the jury indict avowedly upon the complaint of the prosecutor, and for the offence he imputed to the accused, will not avail the prosecutor, .for his defence against his malicious prosecution; and he must still show, that his own complaint, and the charges he preferred, and which led the Grand Jury to indict, were true, or were made upon probable cause, to defend himself against this action. To this latter class, the present case appears to the court to belong. They cannot be unmindful of the fact, that the defendant was the primary and efficient cause of the prosecution. He preferred a complaint before the Grand Jury against the plaintiff, on a charge of perjury, upon the trial of the indictment against Williamson, and the affidavit of Williamson was sent by the public prosecutor to the jury, in consequence of that complaint, on his application for papers, and asa paper called for by him.
Then is it not literally true, that the defendant did cause and pro *341 cure this indictment to be found against the plaintiff] The charges it contains, vary from the accusations preferred by him; but yet it was his complaint that led to the investigation; and the evidence, elicited by that complaint, and the inquiry consequent upon it, induced the jury to find the bill; and the affidavit, which had been disregarded by the former Grand Jury, or failed to satisfy them, must have owed the credit and consequence it acquired, with the subsequent Grand Jury, to the parol testimony of the prosecutor and his witnesses. This affidavit accused the plaintiff of perjury on the same trial; and the charges it contained, referred to the same point of the plaintiff’s testimony, with the oral statements of the defendant.
The charges preferred, before the Grand Jury, by the defendant against the plaintiftj were, that he had sworn falsely in his statement of the balance due to him from the defendant, and in his denial of any personal acquaintance with Williamson. And the charge of Williamson, in his affidavit, was, that the plaintiff had sworn upon that occasion, that he never saw Williamson in the city of London, and did never admit to him, that Petit the defendant, was indebted to him in only twenty three pounds sterling, and that such statement was in all respects false. The crime imputed, by both charges, to the plaintiff, was perjury, committed at the same trial, in his testimony to the same points, namely, his acquaintance with Williamson, and the amount of his demand against Petit, the defendant: yet, the two specifications of the false swearing, of which the plaintiff was accused, though relating to the same subject, differed so widely from each other, that the defendant might possibly be prepared to prove the one, but be unable to substantiate the other. It would be unjust to require of him, to sustain the charge which he never authorized. But the accusation he did prefer, he was bound to justify. And if the statements he made, and which led to the prosecution, were groundless, and his complaint malicious, and without probable cause, justice requires that he should respond in damages, for the injury the prosecution has done to the plaintiff, though the charges inserted in the indictment, found at his instigation, by the mistake, or misconception of the jury, are not in exact conformity *342 to the oral testimony adduced by him in support of his complaint. If then, we-are at liberty to decide the question upon principle, we must hold, that, he ought not to be required to defend and justify the charges made by the jury, and to which he was not accessary, but that-he is bound to substantiate, or show sufficient probable ground for the charges preferred by himself. And this measure of justice may be meted, by holding him responsible for the prosecution, which he instigated and procured to be moved against the plaintiff, but admitting him to show, in his defence, that the charges he really did in truth prefer, were true, or made upon probable cause, and thus to repel the imputation of malice.
The substance of the plaintiff’s grievance is, that the defendant, falsely and maliciously, and without probable cause, procured him to be indicted, for corruptly swearing to false statements, on his examination, as a witness, on the trial of Williamson.
The proof is, that the indictment was found against the plaintiff, for perjury, on the complaint of the defendant, charging him with wilful and corrupt false swearing, in his testimony on that trial: and the discrepancy between the evidence and the pleadings, which the defendant makes the ground of his objection, is in the specification of the statement, in which the perjury is alleged in the bill found by the jury to consist. But the evidence fully proves, that the prosecution was solicited and procured by the defendant. He preferred the complaint before the Grand Jury; he produced witnesses in support of the accusation, and the oral testimony, produced by him, determined the jury to find the bill. The District Attorney expressly stated, that he should have taken no measures towards the indictment of the plaintiff, but from the earnest solicitations of Petit and Cliburn; and the two Grand Jurors, who were examined as witnesses, concurred in testifying that there would have been no bill found, without the oral testimony, before them, of the witnesses on the part of the prosecution;
Can the defendant then complain, that he is held liable to make reparation for the injury inflicted by his own agency 1 Or, shall he avail himself of the objection to the form of the indictment, to escape retribution 1 The action against him is, for causing the indictment to be found. The grievance was, the-complaintbefore *343 the Grand Jury, and the evidence adduced in support of the charge of perjury preferred by him against the plaintiff. The hill of indictment, was the form given by the jury to the accusation, but, the gist of the action is, the false and malicious accusation of the defendant against the plaintiff, of the crime .of which he had no probable ground for supposing him to be guilty ; and it was incumbent on the plaintiff to prove, that such false, malicious and groundless charge was preferred, and that the-indictment was the result of that complaint. It is said, that the proof is variant from the charge of which the plaintiff complains. He was bound to prove the falsehood of the charges, preferred by the defendant, and his malice in preferring them. Malice would be inferrable, from the absence of probable cause for believing the charge to be true ; and it might be sufficient, in the first instance, for the plaintiff to show his acquittal, by a jury, of the charge, upon a trial on the merits, to put the defendant upon his defence, and to require him to show, that he had probable catxse for believing the accusation to be true at the time it was made.
But to entitle the plaintiff to a verdict, he must prove, that the indictment was found upon the complaint of the defendant, and by his agency and procurement. The evidence before the Grand Jury, upon which the indictment is found, must be disclosed, and it will be open to the defendant to show, that the charges, preferred by him, or which he adduced evidence to establish before the jury, were true; or, that he had probable cause for believing them to be true: And he will, upon that trial, have the full benefit of his objections, to answer for charges introduced into the indictment, on evidence to which he was not accessary. In this form of proceeding, the whole matter will come before the jury, and the ulterior questions of law to arise upon it, will, on the request of the parties, be reserved for the fxxrther considei'ation of the court.
One further question was l’aised, to which I will briefly advert.
It will be observed, that two distinct charges of perjury were prefen-ed by the defendant against the‘plaintiff: one for falsely swearing to a larger demand than he really had against the defendant; and the other for falsely stating that he had no personal acquaintance with Williamson: and the question is, whe^ *344 ther the plaintiff must show both charges to be false and malicious, to sustain his action; or, whether the proof of the falsehood and ma];ce of either is sufficient; and on this point, the opinion of the court is, that the proof, by the defendant, of the probable cause for believing the plaintiff to have sworn falsely, in denying his personal acquaintance with Williamson, would be no defence for him, against the legal consequences of the falsity and malice of the charge against him, of perjury in his testimony, as to the state of his accounts with the defendant. To secure him a complete defence from them, against the plaintiff’s action, as respects that charge, he must prove to the satisfaction of the jury, that he had probable cause, at the time he made it, to believe it to be true ; and if he fails in hisj justification of that charge, though he may succeed in justifying the other, he will be liable to damages for the injury to the plaintiff, by the prosecution of the charge he is unable to justify.
New trial granted.
[D. D. Field, Atty. for the plff. G. Brinkerhoff, Atty. for the deft.]
Note.—Upon the new trial, which was conducted before the Chief Justice, upon the principles laid down in the preceding opinion, the plaintiff again obtained a verdict.